JINA L. CHOI (New York Bar No. 154425)
MICHAEL S. DICKE (Cal. Bar No. 158187)
JENNIFER J. LEE (Cal. Bar No. 261399)
  leejen@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 26th Floor
San Francisco, California 94104
Telephone: (415) 705-2500
Facsimile: (415) 705-2501

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. 05:14-cv-01466-BLF |
| Plaintiff, | [XXXXXXX] FINAL JUDGMENT AS TO DEFENDANT TYRONE HAWK |
| v. | |
| TYRONE HAWK, | |
| Defendant. | |

The Securities and Exchange Commission having filed a Complaint and Defendant Tyrone Hawk ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

1 instrumentality of interstate commerce, or of the mails, or of any facility of any national
2 securities exchange, in connection with the purchase or sale of any security:

3     (a)    to employ any device, scheme, or artifice to defraud;

4     (b)    to make any untrue statement of a material fact or to omit to state a material fact
5           necessary in order to make the statements made, in the light of the circumstances
6           under which they were made, not misleading; or

7     (c)    to engage in any act, practice, or course of business which operates or would
8           operate as a fraud or deceit upon any person.

9     II.

10 IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant
11 is liable for disgorgement of $151,480.00, representing profits gained as a result of the conduct
12 alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,654.52,
13 and a civil penalty in the amount of $151,480.00 pursuant to Section 21A of the Exchange Act
14 [15 U.S.C. § 78u-1]. Defendant shall satisfy this obligation by paying $305,614.52 to the
15 Securities and Exchange Commission within 14 days after entry of this Final Judgment.

16 Defendant may transmit payment electronically to the Commission, which will provide
17 detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly
18 from a bank account via Pay.gov through the SEC website at
19 http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank
20 cashier's check, or United States postal money order payable to the Securities and Exchange
21 Commission, which shall be delivered or mailed to:

22     Enterprise Services Center
    Accounts Receivable Branch
23     6500 South MacArthur Boulevard
    Oklahoma City, OK 73169
24

25 and shall be accompanied by a letter identifying the case title, civil action number, and name of
26 this Court; Tyrone Hawk as a defendant in this action; and specifying that payment is made
27 pursuant to this Final Judgment.

28

tempo

[XXXXXXX] FINAL JUDGMENT AS TO DEFENDANT TYRONE HAWK

1  Defendant shall simultaneously transmit photocopies of evidence of payment and case
2  identifying information to the Commission's counsel in this action. By making this payment,
3  Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part
4  of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant
5  to this Final Judgment to the United States Treasury.

6                                              VII.

7  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is
8  incorporated herein with the same force and effect as if fully set forth herein, and that Defendant
9  shall comply with all of the undertakings and agreements set forth therein.

10                                             VIII.

11  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain
12  jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

13                                              IX.

14  There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil
15  Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

16
17  Dated: April 28, 2014

                                              _____
                                              UNITED STATES DISTRICT JUDGE

20  Approved as to form:

22  Ed Swanson, Esq.
    Swanson & McNamara LLP
23
    Attorney for Defendant Tyrone Hawk
24

25  //
26  //
27  //
28  //

                                  3                    [PROPOSED] FINAL JUDGMENT AS TO
                                                       DEFENDANT TYRONE HAWK

Submitted by:

_____
Jennifer J. Lee
leejen@sec.gov
44 Montgomery Street, Suite 2800
San Francisco, California 94104
Telephone: 415-705-2500
Facsimile: 415-705-2501

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION

[XXXXXXX] FINAL JUDGMENT AS TO
DEFENDANT TYRONE HAWK